UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONA BAILEY** | **CIVIL ACTION** |
| **VERSUS** | **NO:     04-2926** |
| **BATON ROUGE WINDUSTRIAL CO.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is **Plaintiff's Motion, With Incorporated Memorandum in Support, For Leave to File First Amended and Supplemental Complaint (doc. # 30)** filed by the plaintiff Leona Bailey, in her capacity as Executrix of the Succession of Herman Francois. Francois is a deceased, former employee of the defendant, Baton Rouge Windustrial Company ("BRW"). Bailey's motion seeks to add three additional defendants.

BRW filed a timely opposition motion. The motion was heard with oral argument on March 22, 2006.

### I.     Factual and Procedural Background

On October 27, 2004, the plaintiff filed a complaint alleging that BRW violated ERISA, the ADA, the FMLA, and Louisiana's anti-discrimination law when it terminated Francois's employment on July 25, 2003. BRW answered, denying liability and alleging that it is not an "employer" under the ADA, the FMLA, or Louisiana's anti-discrimination laws. It also alleged that Francois resigned his employment voluntarily.

The District Court held a preliminary conference on February 6, 2006, and issued a scheduling order setting March 6, 2006, as the deadline for amending the pleadings. (*See* Rec. Doc. No. 29). Bailey filed the subject motion on March 6, 2006. Thus, the motion to amend is timely.

## II.     The Motion to Amend

Bailey's proposed complaint seeks to add three defendants which, she alleges, were the joint employers of Francois along with BRW. The proposed complaint adds Winholesale, Inc., Dapsoc, Inc., and Primus, Inc.. Bailey alleges that all three are Ohio corporations and co-owners of BRW.[1]

Bailey contends that this Court should allow the amendment because discovery is still in its "embryonic stage," that plaintiff is inside the deadlines imposed by the scheduling order, and "defendants has been, or should have been, on notice of Plaintiff's position regarding the additional defendants based on various communications between the parties' respective counsel." (Pl. Mem. at 2). Thus, Bailey contends that the defendants will suffer no prejudice from allowing the amendment.

BRW opposed the amendment, alleging that the addition of the defendants as joint employers, is not supported by any facts alleged in the proposed complaint. BRW alleges that merely alleging that the defendants own BRW is not sufficient to create joint-employer status. BRW contends that the Fifth Circuit's ruling in *Trevino v. Celanese Corporation* requires an analysis of four factors before distinct corporate entities may be considered joint employers. *See* 701 F.2d 397 (5th Cir. 1983).

BRW contends that here, there are no allegations supporting the *Trevino* factors, and that

---

[1]The proposed complaint actually states that the defendants jointly employed the plaintiff and not Francois. Neither the plaintiffs nor the defendants addressed this issue.

"plaintiff's only intention is to try and deflect the forthcoming Motion to Dismiss and for Summary Judgment which will shortly be filed." (Def. Mem. at 2). Thus, it alleges that the Court should deny the amendment.

### III.  Standard for the Granting Leave to Amend

Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. PROC. 15(a). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). And, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

In this case, BRW does not allege that the proposed amendment results from undue delay,

bad faith, or dilatory motive on the part of Bailey. Instead, BRW contends that the proposed amendment is unsupported by sufficient factual allegations to prove joint-employer status. Because BRW attacks the merits of the Bailey's claim, this Court will treat its argument as objection that the proposed amendment is futile.

**IV.    Analysis**

In this Circuit, a Court considers an amendment futile only if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co. Ltd.*, 234 F.3d 863,873. Thus, this Court applies the same standard to determine futility as the Court "applies under Rule 12(b)(6)." *Id.* "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* Thus, the relevant inquiry before the Court is whether, based on the allegations in her complaint, Bailey's allegations state any valid cause of action against the proposed defendants.

First, the Court notes that this Circuit differentiates between the term "joint employer" and "single employer" and sets up different tests for each. *See Triche v. Crescent Turnkey & Eng'g, L.L.C.*, No.CIV.A. 97-2657, 1998 WL 193386 (E.D. La., March 25, 1998), at *1 n.3. The test for determining whether a "joint employer" exists "depends on the control one employer exercises, or potentially exercises, over the labor relations policy of the other." *Id. (citing North Am. Soccer League v. NLRB*, 61. F.2d 1379, 1382 (5th Cir. 1980). The test for determining whether a single employer exists requires an analysis of the *Trevino* factors. *Id.*

Under *Trevino*, "superficially distinct entities may be exposed to liability upon a finding that they represent a single integrated enterprise: a single employer." *Trevino*, 701 F.2d at 404. In determining whether single employer liability exists, the Court analyzes "(1) interrelation of

operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership of financial control." *Id*. Courts have focused primarily on the second factor, such that the critical inquiry is "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination." *Id.*

In this case, Bailey alleged that the proposed defendants jointly employed Francois, and co-owned BRW. However, both tests in this Circuit require that the plaintiff show that the purported co-employer exercise some degree of control over the employee. Here, Bailey's proposed amended complaint makes no such allegations against the proposed defendants. Indeed, the proposed amended complaint states nothing more than the names of the proposed defendants along with an unsupported allegation that the proposed defendants were the co-owner of the defendant and a joint employer of Francois. Neither the original complaint nor proposed amended complaint contain an allegation of wrongdoing against the proposed defendants capable of stating a claim upon which relief could be granted.

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion, With Incorporated Memorandum in Support, For Leave to File First Amended and Supplemental Complaint (doc. # 30)** is **DENIED.**

New Orleans, Louisiana, this 10th day of April, 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**